**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION**

CLERKS OFFICE US DISTRICT COURT
AT CHARLOTTESVILLE, VA
FILED

June 26, 2026

LAURA A. AUSTIN, CLERK
BY: **/s/ Nik Sams**
DEPUTY CLERK

Tolulope Odukoya,

      Plaintiff,

v.

                                        Case No. __3:26cv67_____

Phillip Robert Deneault,
    Serve:
    135 Woodside Drive
    Waynesboro, VA 22980

and

Tiger Solar Company.
    Serve:
    David G. Sutton Jr., Registered Agent
    200 Carlton Rd,
    Charlottesville, VA, 22902

      Defendants.

**COMPLAINT**

      Plaintiff Tolu Odukoya, by counsel, files this Complaint against the Defendants, and in support states as follows:

**PARTIES, JURISDICTION, AND VENUE**

      1.      Plaintiff Tolu Odukoya ("plaintiff") is a resident of the state of Georgia.

      2.      Defendant Phillip Robert Deneault ("Deneault") was, at all relevant times, a citizen of the Commonwealth of Virginia, with a last known address in Waynesboro, Virginia.

      3.      Tiger Solar Company is a Virginia corporation with its registered office in the City of Charlottesville, Virginia.

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C., § 1332, because there is complete diversity between the plaintiff and defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.      Venue is proper in this district and division pursuant to 28 U.S.C. § 1391 and USDC WDVA Local Rule 2(b) because a substantial part of the events giving rise to the claim occurred in Charlottesville, Virginia.

**FACTUAL BACKGROUND**

6.      On or about July 31, 2024, at approximately 4:56 p.m., the plaintiff was the restrained driver of a 2014 Hyundai Elantra, owned by the plaintiff, traveling westbound on the 250 Bypass in Charlottesville, Virginia in the vicinity of the Park Street bridge.

7.      At that same time and place, Defendant Deneault was operating a 2019 Ford Ranger and was also traveling westbound on the 250 Bypass in Charlottesville, Virginia.

8.      At that same time and place, plaintiff braked, slowed, and activated her hazard lights for traffic slowing and stopping ahead of her.

9.      At that same time and place, Defendant Deneault failed to slow his vehicle and slammed the front of his vehicle into the rear of plaintiff's vehicle suddenly and without warning.

10.     At the time and place aforesaid, Tiger Solar Company was the employer and principal of its employee and agent, Phillip Robert Deneault.

11.     At the time and place aforesaid, the vehicle operated by Defendant Deneault was owned by Defendant Tiger Solar Company.

12.     At all times relevant to this Complaint, Defendant Deneault was acting within the course and scope of his employment with Defendant Tiger Solar Company.

13.     At all times relevant to this Complaint, Defendant Deneault was acting in furtherance of the business of Defendant Tiger Solar Company.

14.     The force of the collision caused significant damage to plaintiff's vehicle.

15.     As a result of the collision, plaintiff sustained personal injuries.

Page 2 of 5

## NEGLIGENCE

16.    All preceding allegations are incorporated by reference.

17.    At all material times, Defendant Deneault was subject to the laws of the Commonwealth of Virginia and owed a duty to the plaintiff to operate his vehicle in a lawful manner with reasonable care and due regard for others using the road.

18.    Notwithstanding this duty, Defendant Deneault carelessly, recklessly, and negligently operated his vehicle in that he slammed into the back of the plaintiff's car suddenly and without warning at a high rate of speed.

19.    Defendant Deneault was negligent in that he, among other acts and omissions:

   (a)    failed to keep and maintain a proper lookout under the conditions of the roadway at the time;

   (b)    operated the vehicle at an excessive or unreasonable speed for the circumstances then and there existing;

   (c)    failed to maintain a reasonable and lawful distance behind the plaintiff;

   (d)    followed the Plaintiff's vehicle too closely under the conditions of the roadway at that time and place;

   (e)    failed to maintain his vehicle under proper control;

   (f)    failed to see what was in plain sight under the circumstances of the roadway at the time;

   (g)    failed to give full time and attention to the operation of his vehicle;

   (h)    was distracted and/or failed to be attentive and aware of other motorists and/or roadway conditions;

   (i)    failed to otherwise operate his vehicle with due regard for the safety of the plaintiff and others; and

   (j)    failed to exercise reasonable care under the circumstances then and there existing.

20.    As a proximate and direct result of Defendant Deneault's negligence, Plaintiff suffered serious and debilitating injuries.

21.     Defendant Deneault's negligent acts and omissions as described here proximately caused serious and permanent physical injury to Plaintiff, as set forth below.

22.     The negligent acts and omissions of Defendant Deneault occurred while he was acting in the course and scope of his employment with Defendant Tiger Solar Company.

23.     The negligent acts, omissions, and conduct of Defendant Deneault are imputed to Defendant Tiger Solar Company.

24.     Defendant Tiger Solar Company is liable for the negligence of Defendant Deneault under the doctrine of respondeat superior.

### DAMAGES

25.     All preceding allegations are incorporated by reference.

26.     As a direct and proximate result of Defendants' negligence, the plaintiff has suffered and will continue to suffer, permanent bodily injuries, physical pain, mental anguish, permanent disfigurement and deformity, humiliation, embarrassment, inconvenience, past and future medical expenses, lost ability to perform the requirements of daily living, lost enjoyment of life, lost earning capacity, and lost wages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Tolu Odukoya demands judgment against Defendant Phillip Robert Deneault and Defendant Tiger Solar Company, jointly and severally, in the amount of THREE MILLION DOLLARS ($3,000,000.00), plus all costs with prejudgment interest on all of these amounts from July 31, 2024, until paid.

The plaintiff demands trial by jury on all issues so triable.

TOLULOPE ODUKOYA

By    /s/ *Lisa Brook*

Counsel

Lauren E. Davis, Esq. (VSB #74066)
Lisa Brook, Esq. (VSB #35661)
Christina R. Dimeo, Esq. (VSB #98172)
FIRST TRUTH LAW
P.O. Box 230
Smith Mountain Lake, VA  24101
Phone/Fax: (540) 242-1210
lauren@firsttruthlaw.com
lisa@firsttruthlaw.com
christina@firsttruthlaw.com

*Counsel for Plaintiff*